UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

-----------------------------------------------------------X

KIMBERLY FORBES INGHILTERRA,

                Plaintiff,

    -against-

THE PLUMBING EXPERTS, INC.,

                Defendant.
-----------------------------------------------------------X

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kimberly Forbes Inghilterra ("Plaintiff" or "Mrs. Inghilterra"), by and through undersigned counsel, as and for her complaint against Defendant The Plumbing Experts, Inc. ("Defendant" or "The Plumbing Experts"), alleges as follows:

1. This is an action for injunctive relief and damages against Defendant for its ongoing, unauthorized publication of the photographs and likeness of Mrs. Inghilterra in violation of Fla. Stat. § 540.08, Florida's common law tort of invasion of privacy, and in violation of Fla. Stat. § 501.204.

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. States, and the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs.

3. Plaintiff Mrs. Inghilterra resides in the state of Colorado.

4. Upon information and belief, Defendant The Plumbing Experts is a duly organized Florida corporation, doing business in Florida.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) because Defendant resides in and a substantial part of the events giving rise to this action occurred in the Southern District of Florida.

**STATEMENT OF FACTS**

6. Mrs. Inghilterra is a professional model who has enjoyed a long and successful career. Beginning in her teens, Mrs. Inghilterra continues to work as a model, and regularly appears in national print advertising.

7. She is also married, and the mother of four children.

8. Defendant is a large residential and commercial plumbing contractor, servicing Miami-Dade, Broward and Palm Beach County. It heavily advertises its services in various publications, on the internet, on the side and rear panels of its thirty (30) service vans, and in television commercials.

9. The Plumbing Experts' advertisements also include the false claim that it is "Family Owned and Operated since 1976."

10. The Plumbing Experts have also juxtaposed suggestive remarks next to Mrs. Inghilterra's image on certain of its advertizing, attributing to her quotes such as "Call me. I'll find/fix your leaks." (Examples of Defendant's advertisements bearing the photographs and likeness of Mrs. Inghilterra are attached hereto as Exhibit A.)

11. Although Mrs. Inghilterra had only filmed and appeared in a single television commercial for The Plumbing Experts, starting in or about 1999 and continually through the

present day, Defendant published, republished and caused to be published and republished the photographs and likeness of Mrs. Inghilterra taken from that commercial, for its own commercial and advertising purposes, in a host of other media, such as print advertising, internet advertising, and on Defendant's fleet of approximately thirty service trucks (considered mobile billboards in the advertising modeling industry).

12.   Mrs. Inghilterra did not have her photograph separately taken for The Plumbing Experts print or internet advertizing, or its mobile billboard campaign.  The Plumbing Experts then must have taken her image off of the film reel used for the television commercial, and placed it in its other advertizing.  It is standard industry practice in the modeling industry for the model to be separately compensated for the use of her image in print, video, internet, and billboard advertizing.  The standard industry rates vary for each type of usage as well.

13.   Mrs. Inghilterra has not been compensated for The Plumbing Experts' use of her image in any media, at any time.  Mrs. Inghilterra has not authorized The Plumbing Experts' use of her image in print, internet, or billboard advertizing, ever.

14.   Mrs. Inghilterra did informally authorize the use of her image in South Florida television commercials in 1999, because The Plumbing Experts was then owned and operated by her parents.  Mrs. Inghilterra lived in New York at the time, and appeared in the local ad as a favor to her parents.  Accordingly, there is no written authorization for either The Plumbing Experts or her parents to use her image.  Her parents did not ask Mrs. Inghilterra for a release, and she did not provide one.

15.   In early 2000, Mrs. Forbes parents sold their ownership interest in The Plumbing Experts to its current owner, M. Clement Winke.  Because neither of her parents had a written

authorization to use their daughter's image in the television commercial, they could not transfer the right to do so to Mr. Winke.  Mrs. Inghilterra did not subsequently grant The Plumbing Experts the right to use her image in any manner.

16. Mrs. Inghilterra's parents certainly did not authorize Mr. Winke to invite all of South Florida to call their daughter to have their plumbing needs handled, "100% Satisfaction Guaranteed."  Neither of Mrs. Inghilterra's parents, nor Mrs. Inghilterra herself, authorized the Plumbing Experts to claim (falsely) to be family owned and operated since 1976, or to thereby suggest that Mrs. Inghilterra is related to Mr. Winke in any way.

17. Prior to the institution of this action, Mrs. Inghilterra, through her counsel, notified Defendant of its wrongful and unauthorized use of photographs and the likeness of Mrs. Inghilterra and requested that Defendant immediately cease its improper conduct and compensate Mrs. Inghilterra for Defendant's past use of her photographs and likeness.  (A copy of the letter dated August 5, 2015 from Thomas M. Mullaney, Esq. to M. Clement Winke is attached hereto as Exhibit B. ("Cease & Desist letter"))

18. Defendant ignored the Cease & Desist letter.  Instead, Defendant continues to publish and republish or cause to be published or republished the photographs and likeness of Mrs. Inghilterra in the advertising of its plumbing services.

19. Mrs. Inghilterra has suffered an irreparable injury as a result of the Defendant's unauthorized use of her photographs and likeness.

20. Unless restrained and enjoined by this Court, Defendants will, upon information and belief, continue to violate Mrs. Inghilterra's rights and irreparably impair and damage Mrs. Inghilterra.

21. Mrs. Inghilterra is a professional model whose livelihood depends on her ability to profit from the sale of her photographs. Defendant, on the other hand, is a large company with ample financial resources to locate and compensate a model for the advertisement of its services and its other commercial needs.

22. Defendant published and republished the photographs and likeness of Mrs. Inghilterra's recklessly and in conscious disregard of her rights.

23. Defendant was aware that Mrs. Inghilterra did not endorse Defendant's plumbing services, was not part of the owner's family, and that Defendant did not have Mrs. Inghilterra's permission to use her photographs and likeness.

24. Defendant profited from advertising that included the photographs and likeness of Mrs. Inghilterra.

25. Defendant knew, reasonably should have known, or intentionally failed and refused to obtain permission for the continued use of the photographs and likeness of Mrs. Inghilterra.

26. Defendant's actions were intentional or so wanting in care that they constituted a conscious disregard or indifference to the rights of Mrs. Inghilterra.

27. Mrs. Inghilterra sustained damages as a result of Defendant's conduct.

**COUNT I**
**UNAUTHORIZED PUBLICATION OF LIKENESS**

28. Plaintiff incorporates by this reference each of the allegations contained in paragraphs 1 through 27 above as set forth in full.

29. Defendant published and republished and caused to be published and republished the photographs and likeness of Mrs. Inghilterra for its own commercial and advertising purposes. (See Exhibit A.)

30. Defendant intentionally published and republished and caused to be published and republished the photographs and likeness of Mrs. Inghilterra for commercial purposes without consent in violation of Florida Statute 540.08.

31. As a direct and proximate cause of Defendant's action, Mrs. Inghilterra has been damaged, including but not limited to the loss of the value of the use of her image, the loss of licensing fees and the dilution of the value of the use of her image.

### COUNT II
### INVASION OF PRIVACY

32. Plaintiff incorporates by this reference each of the allegations contained in paragraphs 1 through 31 above as set forth in full.

33. Defendant published and republished and caused to be published and republished the photographs and likeness of Mrs. Inghilterra for its own commercial and advertising purposes. (See Exhibit A.)

34. Defendant intentionally published and republished and caused to be published and republished the photographs and likeness of Mrs. Inghilterra for commercial purposes without consent in violation of Florida's common law against the invasion of privacy.

35. As a direct and proximate cause of Defendant's action, Mrs. Inghilterra has been damaged, including but not limited to the loss of the value of the use of her image, the loss of licensing fees and the dilution of the value of the use of her image.

## COUNT III
## FLORIDA'S UNFAIR & DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff incorporates by this reference each of the allegations contained in paragraphs 1 through 35 above as set forth in full.

37. Defendant's unauthorized use, publication, republication and display of Mrs. Inghilterra's photographs and likeness for trade, commercial and advertising purposes in print publications, on the internet, on the side and rear panels of its service vans, and in television commercials constituted and constitutes an unfair method of competition, unconscionable acts or practices, and deceptive or unfair acts or practices in the conduct of trade and commerce.

38. Defendant's unauthorized, deceptive and wrongful use of Mrs. Inghilterra's photographs and likeness in order to draw customers to its plumbing business for its financial gain misled and misleads the public into believing that Mrs. Inghilterra sponsored, endorsed, owned, was associated with or approved Defendant's plumbing business, all of which was not and is not true, and was and is known by Defendant to be untrue.

39. Defendant's unauthorized publication, republication, use, printing and display of Mrs. Inghilterra's photographs and likeness for Defendant's financial gain was knowing, intentional, malicious, and motivated by greed.

40. Defendant's actions violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("FDUTPA"), including Fla. Stat. § 501.204, in that they constituted unconscionable acts and practices, unfair and deceptive acts and practices, and unfair competition in the conduct of trade or commerce both within the State of Florida and in the commerce of the United States.

41. Defendant's deceptive, unconscionable and unfair trade practices, and unfair competition, directly and proximately caused Mrs. Inghilterra to suffer injury, losses and damages, which are continuing in nature.

42. As a direct and proximate result of Defendant's unconscionable, deceptive and unfair trade practices and unfair competition, Mrs. Inghilterra will incur significant attorneys' fees and costs to enforce her legal rights.  Mrs. Inghilterra has engaged the undersigned attorney to represent her in this action and has agreed to pay a reasonable attorneys' fee.

43. Defendant's actions have been knowing, intentional, willful and malicious.

44. Mrs. Inghilterra's legitimate business enterprise, her professional modeling services, have suffered a loss as a result of Defendant's violation of FDUTPA and accordingly Mrs. Inghilterra is entitled to recover reasonable and necessary attorneys' fees and costs of this suit pursuant to Fla. Stat. § 501.211(2).

WHEREFORE, Plaintiff Kimberly Forbes Inghilterra respectfully prays for relief as follows:

(a) that the Court enter a permanent injunction barring the Defendant, its agents, officers and employees, and those acting in concert with it from publishing, republishing or using Plaintiff's photographs and likeness in connection with Defendant's commercial and advertising purposes without her written consent;

(b) that the Court enter judgment for Plaintiff against Defendant for damages that Plaintiff sustained as a result of Defendant's use of her photographs and likeness, including reasonable Defendant's profits and reasonable usage fees;

(c) that the Court award Plaintiff punitive damages against the Defendant;

(d) that the Court award Plaintiff her costs in this action, including attorneys' fees and interest; and

(e) such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  January 14, 2016                         By: s/Felix J. Lopez
                                               Felix J. Lopez
                                               Florida Bar No. 0827142
                                               DiBello & Lopez, P.A.
                                               1550 Madruga Avenue, Suite 504
                                               Coral Gables, Florida 33146
                                               Telephone:  (305) 668-8870
                                               Facsimile:   (305) 668-8892
                                               E-Mail:       flopez@dlclegal.com

                                                           -and-

                                               Thomas M. Mullaney (tm-4234)
                                               (*pro hac vice pending*)
                                               The Law Office of Thomas M. Mullaney
                                               489 5th Avenue, Suite 1900
                                               New York, New York 10017
                                               Telephone:  (212) 223-0800
                                               Facsimile:   (212) 661-9860
                                               E-Mail:       tmm@mullaw.org

                                             *Attorneys for Plaintiff*
                                             *KIMBERLY FORBES INGHILTERRA*