UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

KIMBERLY FORBES INGHILTERRA,

Plaintiff, CASE NO.: 16-20180-CIV-MOORE/MCALILE

v.

THE PLUMBING EXPERTS, INC.,

Defendant.
_____________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, THE PLUMBING EXPERTS, INC., by and through undersigned counsel, hereby files its Answer and Affirmative Defenses regarding Plaintiff's Complaint alleging as follows:

1. Without knowledge and demand strict proof thereof.

2. Without knowledge and demand strict proof thereof.

3. Without knowledge and demand strict proof thereof.

4. Admit.

5. Without knowledge and demands strict proof thereof.

6. Without knowledge and demands strict proof thereof.

7. Without knowledge and demands strict proof thereof.

8. Admit that Defendant is a residential and commercial plumbing contractor servicing Miami-Dade, Broward and Palm Beach County, Florida. Defendant further admits that it advertises its services in various publications, on the internet and on the side rear panels of its service vans.

9. Denied.

10. Admit as to the quoted language on advertisements and denied the remainder of this allegation.

11. Without knowledge and demands strict proof thereof.

12. Without knowledge and demands strict proof thereof.

13. Denied.

14. Denied to the extent that Plaintiff formally authorized the use of her image in favor of THE PLUMBING EXPERTS, INC. Furthermore, this allegation is specifically denied with respect to the execution and delivery of a release by Plaintiff. **A true and correct copy of a Talent Release executed by Plaintiff who was then known as Kim Forbes in favor of THE PLUMBING EXPERT, INC., on August 6, 1996 is attached hereto and made a part hereof as Exhibit 1.**

15. Admit as to that sale of the ownership in THE PLUMBING EXPERTS, INC. to its current owner Clemente Winke; however, denied as to the remaining allegations in this paragraph.

16. Denied.

17. Admit as to the notification; however, denied as to the remainder of the allegation to the extent that such notification was legally insufficient and inadequate.

18. Denied to the extent that Defendant was under no obligation to comply with the terms and conditions of the Cease and Desist Letter in light of the release executed in 1996 by Plaintiff in favor of Defendant.

19. Denied.

20. Denied.

21. Without knowledge and demands strict proof thereof.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant repeats and incorporates its references to paragraphs 1 through 27 of Plaintiff's Complaint as if set forth in full.

29. Admit and state that such publication and re-publication was done with the knowledge and prior consent of Plaintiff by virtue of the release attached hereto as Exhibit 1.

30. Denied.

31. Denied.

32. Defendant repeats and incorporates its references to paragraphs 1 through 31 of Plaintiff's Complaint as if set forth in full.

33. Admit and state that such publication and re-publication was done with the knowledge and prior consent of Plaintiff by virtue of the release attached hereto as Exhibit 1.

34. Denied.

35. Denied.

36. Defendant repeats and incorporates its references to paragraphs 1 through 35 of Plaintiff's Complaint as if set forth in full.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**ALLEGATION AS TO ALL DEFENSES**

45. On August 6, 1996 Plaintiff, who was then known as Kim Forbes, executed a Talent Release in favor of THE PLUMBING EXPERTS, INC. **A true and correct copy of the Talent Release is attached hereto and made a part hereof as Exhibit 1.**

46. Please note that by executing the Talent Release, your client specifically agreed as follows:

> I hereby give THE PLUMBING EXPERTS, INC., their legal representatives and assigns, those for whom THE PLUMBING EXPERTS is acting and those acting with your permission, or their employees, **the right and permission to copyright and/or use, re-use and/or broadcast and republish videotape recordings of me or in which I may be distorted in character, or form, in conjunction with my own or a fictitious name, on reproduction there of in color, or black and white made through any media by THE PLUMBING EXPERTS, INC. at their studio, or elsewhere, for any purpose whatsoever; including the use of any printed matter in conjunction therewith. This agreement constitutes complete and total buyout for all usage worldwide. (emphasis added).**

47. The Talent Release continues as follows: "I hereby waive any right to inspect or approve the finished videotape, soundtrack or advertising copy printed matter that may be used in conjunction therewith or to the eventual use that it may be applied."

48. Finally, Ms. Forbes now Ms. Inghilterra released, discharged and agreed to save harmless "THE PLUMBING EXPERTS INC., their representatives, assigns, employees or any

other person or persons, corporation or corporations, acting under his permission or authority, or any person or persons, corporation or corporations, for whom he might be acting, including any firm publishing and/or distributing the finished product, in whole or in part, from and against any liability as a result of any distortion, blurring, or alteration, optical illusion, or use in composite form, from either intentionally or otherwise, that may occur or be produced in the taking, processing or reproduction to the finished product, its publication, distribution, or broadcast, of the same even should the same subject me to ridicule, scandal, reproach, scorn or indignity."

**FIRST AFFIRMATIVE DEFENSE – RELEASE**

49. As a first separate and distinct Affirmative Defense, Defendant asserts that by Plaintiff's execution and delivery of the Talent Release attached hereto as Exhibit 1, Plaintiff released Defendant, THE PLUMBING EXPERTS INC., from any and all liability as described within the Talent Release.

**SECOND AFFIRMATIVE DEFENSE – WAIVER**

50. As a second separate and distinct Affirmative Defense, Defendant asserts that Plaintiff has waived her right to pursue any of the causes of action against Defendant including injunctive relief and damages by virtue of the Talent Release attached as Exhibit- 1.

**THIRD AFFIRMATIVE DEFENSE – ESTOPPEL**

51. As a third separate and distinct Affirmative Defense, Defendant asserts that Plaintiff is estopped from seeking any relief in her Complaint including injunctive relief for damages by virtue of her execution of the Talent Release attached hereto as Exhibit 1.

**FOURTH AFFIRMATIVE DEFENSE – ACCORD AND SATISFACTION**

52. As a fourth separate and distinct Affirmative Defense, Defendant asserts that by virtue of the Talent Release executed by Plaintiff in favor of Defendant, there has been a

complete accord and satisfaction thereby barring any injunctive relief for damages in favor of Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE – BAD FAITH**

53. As a fifth separate and distinct Affirmative Defense, Defendant asserts that Plaintiff's Complaint has been filed in bad faith. By executing the Talent Release attached to Defendant's Answer and Affirmative Defenses, Plaintiff acknowledged that she was "over 21 years of age and competent to contract "in her own name at the time she executed the Talent Release."

54. Plaintiff was aware that her parents had sold Defendant and their ownership interest in Defendant to the current principal for Defendant on or about the year 2000.

55. To the extent that Plaintiff was aware of the sale of her parents' ownership interest in the Defendant on or about the year 2000, Plaintiff was equally aware that THE PLUMBING EXPERTS continue to advertise in similar manner since the sale of Plaintiff's parents' interest in the company to the current principal of Defendant.

56. As such, Plaintiffs Complaint and the causes of action alleged therein have been filed in bad faith and the continued prosecution of this case, in light of the delivery of the Talent Release on tenant's behalf to Plaintiff and Plaintiff's counsel constitutes ongoing bad faith.

**SIXTH AFFIRMATIVE DEFENSE – INDEMNIFICATION**

57. As evidenced by the language incorporated into the Talent Release attached to this Answer and Affirmative Defenses as Exhibit 1, Plaintiff has agreed to indemnify "**abstract**" and "save harmless" Defendant" "from and against any liability as a result of any distortion, blurring, or alteration, optical illusion, or use in composite from, either intentionally or otherwise, that may occur or be produced in the taking, processing or reproduction to the

finished product, its publication, distribution, or broadcast of the same even should the same subject me to ridicule, scandal, reproach, scorn or indignity."

**SEVENTH AFFIRMATIVE DEFENSE – UNCONSCIONABILITY**

58. As a seven separate and distinct Affirmative Defense, Defendant asserts that Plaintiff's causes of action or barred by unconscionability. In light of Plaintiff's voluntary execution of the Talent Release in 1996, and to the extent that such Talent Release constituted one of the assets of Defendant at the time Defendant was acquired by its current principals from plaintiff's parents, it is unconscionable to deny Defendant the continuing and ongoing reliance upon the terms and conditions of the Talent Release and the right to use and reproduce the likeness of Plaintiff which was a material consideration in the sale of Defendant to its current principal.

WHEREFORE, Defendant, THE PLUMBING EXPERTS, INC. having answered Plaintiff's Complaint and filed Affirmative Defenses respectfully requests that this Court enter final judgment in favor of the Defendant and against the Plaintiff denying all relief sought by Plaintiff, dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of the Defendant and against the Plaintiff for Court costs and attorney's fees together with such other and reasonable relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**WEINTRAUB & WEINTRAUB, P.A.**
Attorney for Defendant
2700 North Military Trail, Suite 355
Boca Raton, Florida 33431
Telephone: (561) 988-6411
Email: services@weintraublawfirm.com and
pbw@weintraublawfirm.com

By: _/s/ *Peter B. Weintraub*____________
PETER B. WEINTRAUB, ESQ.
Florida Bar No.: 322199

## SERVICE LIST
**CASE NO.: 16-20180-CIV-MOORE/MCALILE**

**Attorneys for Plaintiff:**
FELIX J. LOPEZ, ESQ.
DIBELLO & LOPEZ, P.A.
1550 MADRUGA AVENUE, STE. 504
CORAL GABLES, FL 33146
EMAIL: FLOPEZ@DLCLEGAL.COM

Thomas M. Mullaney, Esq.
The Law Office of Thomas M. Mullaney
489 5th Avenue, Suite 1900
New York, New York 10017
E-MAIL: TMM@MULLAW.ORG